In the Matter of NATIONAL ADVERTISING COMPANY, Appellant, v RICHARD S. BLANKFEIN, as Commissioner of the Department of Planning and Development of the Town of Oyster Bay, et al., Respondents, and NORTHEAST HOTEL ASSOCIATES, Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to issue building permits to the petitioner for the construction of two billboard signs in the Town of Oyster Bay, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Molloy, J.), dated August 31, 1989, which dismissed the petition and directed the removal of a billboard sign erected by the petitioner without a permit.

Ordered that the judgment is affirmed, with costs.

Although the United States District Court for the Eastern District of New York held that certain provisions of the sign ordinance of the Town of Oyster Bay were unconstitutional

because they had the effect of preferring commercial speech to noncommercial speech *(see, National Adv. Co. v Town of Babylon,* 703 F Supp 228), we agree with the Supreme Court that the Federal court's judgment did not invalidate the remaining content-neutral provisions of the ordinance which restrict, *inter alia,* the size and height of signs, where signs may be placed, and the number of signs per parcel of land *(see,* Building Zone Ordinance, Town of Oyster Bay § 128 [b], [c]). As the judgment of the Federal court was ambiguous on its face, the Supreme Court properly read it in conjunction with its accompanying memorandum and order, which clearly expressed the intention of the Federal court to leave undisturbed those provisions of the ordinance which impose reasonable time, place and manner restrictions upon the expression of noncommercial speech in Oyster Bay.

We have examined the petitioner's remaining contentions and find that they are without merit. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.